UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**ARKADIJS LINDEMS, AND
TATYANA BORODIN,**
        **Plaintiffs,**

    v.                                          Case No. 07C0476

**MICHAEL B. MUKASEY,**[1]
**MICHAEL CHERTOFF,
EMILIO T. GONZALEZ,
RUTH A. DOROCHOFF,
KAY LEOPOLD, and
ROBERT S. MUELLER**
        **Defendants.**

---

## DECISION AND ORDER

### I. BACKGROUND

On February 15, 2002, pursuant to 8 U.S.C. § 1255(a), plaintiff Arkadijs Lindems, seeking an adjustment of status to permanent resident, filed an Application to Adjust Status with the Milwaukee office of the U.S. Citizenship & Immigration Services ("USCIS"). Before the USCIS grants or denies such applications, federal agencies carry out various checks into the applicants' backgrounds. The FBI has not yet completed its check of Lindems, and as a result, the USCIS has not acted on his application. Lindems and his wife, Tatyana Borodin, bring the present suit asking me to order defendants, federal officials, either under the Mandamus Act, 28 U.S.C. § 1361, or the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, to act on Lindems's application. Defendants now move to dismiss

---

[1] I amend the caption to reflect that Michael B. Mukasey has replaced Alberto Gonzales as Attorney General.

pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction or, alternatively, pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## II.  DISCUSSION

I first address defendants' motion concerning subject matter jurisdiction.  I accept as true plaintiffs' factual allegations, draw all reasonable inferences in plaintiffs' favor and consider all relevant evidence.  Iddir v. Immigration & Naturalization Serv., 301 F.3d 492, 496 (7th Cir. 2002).  Defendants concede that plaintiffs' claim raises a federal question for purposes of 28 U.S.C. § 1331 but contend that 8 U.S.C. § 1252(a)(2)(B)(ii) strips me of jurisdiction.  Section 1252(a)(2)(B)(ii) provides:

> Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security.

The above language requires me to grant defendants' motion if plaintiffs' challenge is aimed at a discretionary "decision or action" of defendants.  See Saleem v. Keisler, ___ F. Supp. 2d ___, 2007 WL 3132233, *2 (W.D. Wis. 2007).  In resolving this question, I keep in mind that congressional intent to limit federal jurisdiction must be clear and convincing, that there is a presumption in favor of judicial review of administrative acts and that courts ordinarily resolve ambiguities in favor of jurisdiction to hear aliens' grievances. Iddir, 301 F.3d at 496-97.

Section 1255(a) provides that the Attorney General may, "in his discretion" adjust an individual's status to that of permanent resident.  District courts are divided on whether § 1252(a)(2)(B)(ii) strips courts of jurisdiction to address any matter relating to adjustment

2

of status under § 1255(a), and no appellate court has addressed the issue. After reading the relevant district court decisions, I find Judge Crabb's opinion in Saleem to be the most persuasive, and I will adopt her analysis. Judge Crabb first rejected the defendants' argument that § 1252(a)(2)(B)(ii) barred review because the plaintiff was challenging a "decision or action." Disagreeing with such cases as Safadi v. Howard, 466 F. Supp. 2d 696, 699 (E.D. Va. 2006), and Grinberg v. Swacina, 478 F. Supp. 2d 1350, 1354 (S.D. Fla. 2007), Judge Crabb held that the plaintiff was in fact challenging the absence of a decision or action. Saleem, 2007 WL 3132233 at *3-*4. The same is true in the present case. Plaintiffs are challenging defendants' failure to make a decision.

For the reasons stated in Saleem, I further conclude that USCIS has a non-discretionary duty to grant or deny an application for adjustment of status within a reasonable time. This conclusion follows from the fact that Congress has authorized non-citizens to submit such applications. Id. at *6; see also Subhan v. Ashcroft, 383 F.3d 591, 595 (7th Cir. 2004) (indicating that the right to request relief implies a corresponding obligation to act on the request). Further, the regulations implementing § 1255(a) are based on the understanding that USCIS will decide each application. Saleem, 2007 WL 3132233 at *6 (citing 8 C.F.R. 245.6); see also 8 C.F.R. § 103.2(b)(19). I reject the argument that defendants have unfettered discretion to delay making a decision. If this were true, defendants could delay a decision indefinitely and thus render meaningless the right to apply for adjustment of status. Moreover, where, as here, an agency must act, the APA mandates that it do so within a reasonable time. 5 U.S.C. § 555(b).

3

Case 2:07-cv-00476-LA   Filed 01/16/08   Page 3 of 6   Document 10

of status under § 1255(a), and no appellate court has addressed the issue. After reading the relevant district court decisions, I find Judge Crabb's opinion in Saleem to be the most persuasive, and I will adopt her analysis. Judge Crabb first rejected the defendants' argument that § 1252(a)(2)(B)(ii) barred review because the plaintiff was challenging a "decision or action." Disagreeing with such cases as Safadi v. Howard, 466 F. Supp. 2d 696, 699 (E.D. Va. 2006), and Grinberg v. Swacina, 478 F. Supp. 2d 1350, 1354 (S.D. Fla. 2007), Judge Crabb held that the plaintiff was in fact challenging the absence of a decision or action. Saleem, 2007 WL 3132233 at *3-*4. The same is true in the present case. Plaintiffs are challenging defendants' failure to make a decision.

For the reasons stated in Saleem, I further conclude that USCIS has a non-discretionary duty to grant or deny an application for adjustment of status within a reasonable time. This conclusion follows from the fact that Congress has authorized non-citizens to submit such applications. Id. at *6; see also Subhan v. Ashcroft, 383 F.3d 591, 595 (7th Cir. 2004) (indicating that the right to request relief implies a corresponding obligation to act on the request). Further, the regulations implementing § 1255(a) are based on the understanding that USCIS will decide each application. Saleem, 2007 WL 3132233 at *6 (citing 8 C.F.R. 245.6); see also 8 C.F.R. § 103.2(b)(19). I reject the argument that defendants have unfettered discretion to delay making a decision. If this were true, defendants could delay a decision indefinitely and thus render meaningless the right to apply for adjustment of status. Moreover, where, as here, an agency must act, the APA mandates that it do so within a reasonable time. 5 U.S.C. § 555(b).

3

Case 2:07-cv-00476-LA   Filed 01/16/08   Page 3 of 6   Document 10

Thus, for the foregoing reasons, I conclude that § 1252(a)(2)(B)(ii) does not bar judicial review of the USCIS's non-action and accordingly will deny defendants' motion to dismiss based on such provision.

The parties do not address the discrete issue of whether plaintiffs have standing to sue defendant Mueller, the Director of the FBI. This may depend on whether a statute imposes a duty on the FBI to conduct background checks. If not, the APA and the Mandamus Act may not apply. See, e.g., Konchitsky v. Chertoff, ___ F. Supp. 2d ___, 2007 WL 2070325, *6-*7 (N.D. Cal. 2007) (stating that the FBI's obligation to perform background checks in adjustment of status cases arises from a contract between USCIS and the FBI, and therefore the FBI owes no duty to applicants such as plaintiffs).

However, under 28 U.S.C. § 534(a), the Attorney General must "acquire, collect, classify, and preserve identification, criminal identification, crime, and other records"; must "exchange such records and information with, and for the official use of, authorized officials of the Federal Government"; and under § 534(c) may delegate such duties. Pursuant to regulations such as 28 C.F.R. §§ 0.85(b), 20.31(a) and 50.12, the Attorney General appears to have delegated such duties to the FBI. Moreover, 8 U.S.C. § 1105 authorizes the FBI to exchange such information with the USCIS, as contemplated by 28 U.S.C. § 534(a)(4). Thus, arguably, the FBI must conduct the background checks at issue in the present case, share the information resulting therefrom with USCIS and, pursuant to the APA, perform such duties within a reasonable time. Therefore, I will not dismiss plaintiffs' claim against defendant Mueller. However, the parties are free to address this issue further if they wish.

I turn next to defendants' Rule 12(b)(6) motion. To survive a motion to dismiss under Rule 12(b)(6), the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." E.E.O.C. v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, --- U.S. ----, 127 S. Ct. 1955, 1964 (2007)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." Id. In addressing a Rule 12(b)(6) motion, I assume that plaintiffs' allegations are true and draw all reasonable inferences flowing from them in the light most favorable to plaintiffs. Bethlehem Steel Corp. v. Bush, 918 F.2d 1323, 1326 (7th Cir. 1990).

Under the APA, I may order an agency to act if the agency has "unlawfully withheld or unreasonably delayed action." 5 U.S.C. § 706(1). In addressing the reasonableness of delay, I may consider such factors as the length of delay, the complexity of the matter under review and the relative fault of the parties in causing the delay. Saleem, 2007 WL 3132233 at *11. Plaintiffs allege that defendants have delayed making a decision on Lindems's application for five years. This allegation is sufficient to survive defendants' motion to dismiss. Defendants argue that the delay is reasonable because USCIS is simply waiting for a response from the FBI. However, without more, this response is insufficient to defeat plaintiffs' claim. Therefore, I will deny defendants' motion to dismiss for failure to state a claim.

As a final matter, I question whether Borodin has standing. To have standing, a plaintiff must allege (1) an injury (2) that is traceable to defendants' actions and (3) that a favorable decision will likely redress. Tobin for Governor v. Ill. State Bd. of Elections, 268

5

Case 2:07-cv-00476-LA   Filed 01/16/08   Page 5 of 6   Document 10

F.3d 517, 527 (7th Cir. 2001). Borodin does not allege an injury. However, I will not dismiss her as a plaintiff at this time because the parties have not addressed the issue.

**Therefore,**

**IT IS ORDERED** that defendants' motion to dismiss is **DENIED**.

Dated at Milwaukee, Wisconsin this 16 day of January, 2008.

/s
LYNN ADELMAN
District Judge